**THE HONORABLE BRIAN D. LYNCH**
**CHAPTER 13**
**HEARING DATE: October 6, 2020**
**HEARING TIME: 1:00 P.M.**
**LOCATION: Vancouver, Washington**

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re: | Case No.: 20-41753-BDL |
| JAMES MERRITT CHAFFEE and SANDRA DAWN CHAFFEE, | OBJECTION TO CONFIRMATION WITH STRICT COMPLIANCE |
| Debtors. | |

**COMES NOW**, Michael G. Malaier, Chapter 13 Standing Trustee, and objects to confirmation as follows:

## **BACKGROUND**

Debtors filed this Chapter 13 case on July 19, 2020. The applicable commitment period is sixty months. The case is currently in the second month and the Meeting of Creditors has been completed. The bar date for filing non-governmental claims is September 28, 2020. Scheduled unsecured claims total $80,856.01, and scheduled priority claims total $12,000.00. The Trustee estimates that under the proposed plan general unsecured creditors will receive approximately $25,000.00.

OBJECTION TO CONFIRMATION
- 1 -

Michael G. Malaier
Chapter 13 Standing Trustee
2122 Commerce Street
Tacoma, WA 98402
(253) 572-6600

# OBJECTION

☐ Plan is not feasible:

☐ Plan is not proposed in good faith or is forbidden by law:

☒ Plan fails to commit all excess disposable income for the applicable commitment period as required by 11 U.S.C. § 1325(b)(1)(B):

The Debtors have not provided a basis for a deviation from the means test result. While a court may account for "changes in the debtor's income or expenses that are known or virtually certain at the time of confirmation," the Debtors have not identified any such changes. *Hamilton v. Lanning*, 130 S.Ct. 2464 (2010). The Debtors are seeking to reduce the amount paid to unsecured creditors from $99,278.00 to $25,000.00. However, the Debtors have not provided a reason for such deviation, nor have they provided any evidence of a change in the Debtors' income or expenses, as required by LBR 3015-1(e). Therefore, the Debtors' requested deviation should be denied.

If *Lanning* relief is allowed, Trustee respectfully requests that Debtors be required to commit their entire annual tax refund to their plan.

☐ Plan does not meet the best interests of creditors test as required by 11 U.S.C. § 1325(a)(4):

☒ Schedules or other documentation insufficient:

Trustee has requested that Debtors amend their Schedule I to accurately reflect Mrs. Chaffee's new employer and income information.

☒ Other:

Debtors' form 122C-2 contains deductions for whole life insurance premiums. These deductions are impermissible and should be removed.

**WHEREFORE**, Trustee requests that the objection to confirmation be sustained and Debtors be ordered to file a motion to confirm a plan resolving the issues raised herein within 14 days of entry of the Order Sustaining Trustee's Objection to Confirmation; and to set the hearing on the next available motion calendar after the 14 days expires. If the Motion to

OBJECTION TO CONFIRMATION

- 2 -

Michael G. Malaier
Chapter 13 Standing Trustee
2122 Commerce Street
Tacoma, WA 98402
(253) 572-6600

Confirm resolving the Trustee's issues is not filed and set for hearing as outlined above, the Trustee requests he be allowed to enter an order dismissing the case, *ex parte*, without notice.

**DATED** this 15th day of September, 2020.

/s/ Michael G. Malaier
Michael G. Malaier, WSBA# 34729
Chapter 13 Standing Trustee

OBJECTION TO CONFIRMATION

- 3 -

Michael G. Malaier
Chapter 13 Standing Trustee
2122 Commerce Street
Tacoma, WA 98402
(253) 572-6600